**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CIVIL ACTION NO. 07-453-JBC**

**GLENDA K. WILLIAMS,**                                                                                    **PLAINTIFF,**

**V.**                                            **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                              **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon cross-motions for summary judgment on

the plaintiff's appeal of the Commissioner's denial of his application for

Supplemental Security Income ("SSI") (R. 10, 12).  The court, having reviewed the

record and being otherwise sufficiently advised, will deny the plaintiff's motion and

grant the defendant's motion.

**I.      Overview of the Process**

Judicial review of the decision of an Administrative Law Judge ("ALJ") to

deny disability benefits is limited to determining whether there is substantial

evidence to support the denial decision and whether the Secretary properly applied

relevant legal standards.  *Brainard v. Sec'y of Health & Servs.*, 889 F.2d 679, 681

(6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial

evidence" is "more than a scintilla of evidence, but less than a preponderance; it is

such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Cutlip v. Sec'y Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir.

1994).  The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility.  *See id.*  Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II.    The ALJ's Determination

At the time of the alleged disability onset date, the plaintiff was a forty-four-year-old female with an eighth-grade education.  AR 16, 17.  She alleges disability beginning on February 19, 2004, due to a combination of impairments.  AR 16.  The plaintiff filed her claim for SSI on March 10, 2004.  AR 16.  The claim was

denied initially on June 23, 2004, and again upon reconsideration on June 21, 2005.  AR 36, 42.  A hearing was held on July 5, 2006, before Administrative Law Judge ("ALJ") Joan A. Lawrence, and on July 20, 2006, the ALJ issued her decision.  AR 23.

At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability.  AR 22.  At Step 2, the ALJ found that the plaintiff's medical impairments were severe.  AR 22.  The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3.  AR 23.

To assess the plaintiff's claim at Steps 4 and 5, the ALJ found that the plaintiff had the residual functional capacity ("RFC") to perform medium exertional work that involves no more than occasional bending, no climbing of ladders, no exposure to extreme temperatures or vibration.  AR 23.  The ALJ determined the plaintiff could not read beyond a fourth-grade level and had limited but satisfactory ability to relate to co-workers, deal with the public, interact with supervisors, tolerate work stress, understand, remember, and carry out detailed instructions, and respond appropriately in the work setting. AR 23.

At Step 4, the ALJ found the plaintiff had no relevant past work experience. AR 23.  Finally, at Step 5 the ALJ determined that given the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff could perform.  AR 23.  The ALJ therefore

concluded that the plaintiff is not "disabled."

The ALJ denied the plaintiff's claim for SSI. AR 23.  The plaintiff appealed to the Appeals Council.  AR 5.  The Appeals Council denied her request for review on November 14, 2007, and the plaintiff commenced this action.  AR 5.

III.   **Legal Analysis**

The plaintiff argues that the ALJ's determination of the plaintiff's RFC is not based on substantial evidence.  She argues that, in the alternative, she is entitled to remand so that the ALJ can consider certain evidence not available at the time of the administrative hearing.  The court will consider each argument in turn.[1]

A.     **ALJ's RFC Determination**

The plaintiff argues that the ALJ's RFC determination was not based on substantial evidence and that the ALJ failed to properly address the medical opinions of record.  The court finds that the ALJ properly considered all medical opinions in the record and that her determination is supported by substantial

---

[1]The plaintiff also argues that the Commissioner failed to sustain his burden of establishing that there is other work in the national economy that the plaintiff can perform because the hypothetical question posed by the ALJ to the Vocational Expert (VE) did not accurately reflect the plaintiff's limitations. The plaintiff argues the hypothetical question was not accurate because the RFC is not accurate.  The court therefore will not consider this as a separate argument because it is encompassed by her overarching argument that the ALJ's RFC determination is not supported by substantial evidence.  The plaintiff also objects to the ALJ's hypothetical question on the ground that it did not accurately reflect the ALJ's assessment that she could read on only a fourth-grade level; rather, the ALJ's question included only the information that her ability to read is limited.  However, this distinction is minor and the plaintiff has made no showing that it is a distinction that affected the evidence offered by the VE.

evidence

The plaintiff argues broadly that the ALJ erred because she failed "to address the medical opinions of record" and did not comply with the requirement that she "discuss [all] limitations in his [sic] decision and provide some reason for her rejection of them."  The obligation is not so broad, however.  The ALJ must set forth a basis for rejecting the opinions of a plaintiff's treating physicians.  *Shelman v. Heckler*, 821 F.2d 318, 321 (6th Cir. 1987).  The plaintiff specifically argues that the ALJ improperly failed to explain her rejection of the reports of Drs. Stolfusz, Raza, Pack, Ross, and Beard.  Dr. Stolfusz was a treating physician, but the others were not.  The ALJ did not reject Dr. Stolfusz's opinion.  Dr. Stolfusz made no RFC assessment, and the ALJ's assessment is consistent with his notes of the plaintiff's visits.  Furthermore, although the ALJ did reject Dr. Raza's assessment of the plaintiff's mental limitations, it is not clear that she rejected the opinions of the other doctors.  Even if she did, however, she had no obligation to explain why, as they are consultative, not treating, physicians.[2]

Not only did the ALJ properly consider the evidence before her, substantial evidence in the record supports her assessment of the plaintiff's RFC. The plaintiff was treated by Dr. Richard Stoltzfus and his physician's assistant, Will Miller, in

_____

[2]The plaintiff also cites regulation 20 C.F.R § 416.927 to support her argument that the ALJ erred because she did not"evaluate every medical opinion received." The regulation actually requires the ALJ to "*consider* the medical opinions together with the rest of the relevant evidence we receive."  20 CFR 416.927 (b)(emphasis added).  The plaintiff makes no argument that the ALJ failed to consider any medical opinion in the record.

5

2003 and 2004.  Although the plaintiff complained of back pain at these visits, she was never prescribed any pain medication.  *See* AR 110-24.  At her last visit in March of 2004, the plaintiff reported a "backache" but the doctor noted that upon physical examination her back was "unremarkable" and "gait is normal."  AR 198. Although the doctor ordered a CT scan of the plaintiff's spine, no testing other than the November 26, 2006, x-ray is included in the record.[3]  The record does not include any RFC assessment by Dr. Stoltzfus.

The ALJ's determination is also supported by the reports of two consultative physicians, Dr. David Hiestand and Dr. Kip Beard.  On May 29, 2004, Dr. Heistand observed that the plaintiff had normal gait and station, but exhibited pain when walking.  AR 130.  He noted a "decreased range of motion of the lumbar spine, 0 to 70 degrees, secondary to paraspinal muscle spasm" but that "[a]ll other range is normal."  AR 131.  He further observed that she had only "mild difficulty" getting on and off the examining table and had "no impairment in toe or heel walking."  AR 131.  He also found "no evidence of nerve root compression."  AR 131.  Notably, he made no findings that the plaintiff was as severely physically limited as she claims, noting only a "mild restriction in tolerance for stooping and bending."  AR 131.

Dr. Kip Beard examined the plaintiff on May 24, 2005.  AR 238.  Dr. Beard

---

[3]The plaintiff suggests that this lack of objective medical evidence is due to the plaintiff's inability to pay for testing. R.10, p. 12.  However, the record includes the results of several CT scans of other parts of the plaintiff's body, including her head, her abdomen, and her pelvis.  AR 210-14.

noted that the plaintiff self-reported that she has never seen a physical therapist or chiropractor or neurosurgeon and that she admitted she did not use a back brace or heating pads or ice to help relieve her symptoms.  AR 238.  He found that she had "nonspecific sensory loss of the right leg without weakness or atrophy and normal reflexes."  AR 242.  He concluded that she had very limited restrictions in her physical abilities, finding only "limitations with prolonged ambulation, repetitive bending, and any heavy lifting or carrying."  AR 243.  He did not define "heavy."

The plaintiff argues that although the ALJ states that she is supported by the assessment performed by Dr. J.E. Ross, Dr. Ross assesses more limitations than found by the ALJ.  Dr. Ross was the only doctor to complete a detailed form communicating his assessment of the plaintiff's physical RFC, and his assessment almost exactly matches the ALJ's.  *See* AR 285-92.[4]  Furthermore, Dr. Ross noted that his assessment was supported by the objective evidence provided by a neuroplasty.  AR 290.  The only limitations noted by Dr. Ross not in the ALJ's RFC

---

[4]Dr. Ross found that the plaintiff could occasionally carry fifty pounds, could frequently carry twenty-five pounds, could stand and/or walk for a total of two hours in an eight-hour workday, with normal breaks; could sit for a total of six hours in an eight-hour workday, and was limited in ability to push/pull her lower extremities, in that she could not do repetitive prolonged movements.  Dr. Ross found she had no limitations in her ability to reach or use her hands, no visual limitations, no communicative limitations; some limitation to her ability to climb ramps or stairs and ladder/rope/scaffolds, but no limitations in her ability to balance, stoop, kneel, crouch, or crawl.  AR 286-88.  He noted some environmental limitations, such as the plaintiff's need to avoid concentrated exposure to extreme cold, heat, and vibration and her need to avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation.  AR 288.  The ALJ's RFC is almost identical, except that the ALJ failed to note the sitting and standing limitations, as discussed above.

determination are the limitations as to how long in an eight-hour day the plaintiff could stand, walk, or sit. The ALJ's RFC is not entirely inconsistent with those limitations. However, to the extent that it is, given that Dr. Ross is not a treating physician and that other examiners found the plaintiff less limited than Dr. Ross did, with no noted limitations as to her ability to sit, stand, or walk, the ALJ did not err by not specifically including those limitations in her RFC determination.

Similarly, substantial evidence supports the ALJ's determination as to the plaintiff's mental limitations. The plaintiff argues that the ALJ erred by failing to include in the RFC the mental limitations found by Dr. Syed Raza. Neither of these doctors was a treating physician, and the ALJ was free to resolve the inconsistencies of their findings.[5] The ALJ explained that she gave greater weight to the opinions expressed by Dr. Phil Pack because Dr. Raza's more limiting assessment was in part based on the plaintiff's self-reported pain. AR 21. The ALJ found that Dr. Raza's findings were not reliable because she performed no physical examination of the plaintiff to support her finding that the plaintiff's mental abilities were affected by pain.[6] AR 21. In summary, the court finds that the ALJ

[5]Dr. Raza found that the plaintiff "has good sustained concentration and persistence but is unable to complete tasks in a normal amount of time due to the back pain. Social interactions are poor with friends, supervisors, and public due to being in constant pain." AR 236. Dr. Pack, in contrast, found the plaintiff had no limitations in her mental capabilities. AR 127.

[6]The plaintiff also complains that the ALJ did not properly explain why she rejected the mental limitations assessed by Dr. Scher. However, the ALJ did not reject the findings of Dr. Scher. Dr. Scher completed an RFC assessment of the plaintiff's mental abilities. *See* AR 265-68. He found that she had the ability to understand

8

properly considered the evidence provided and made a determination that is supported by substantial evidence.[7]

## B.   Sentence Six Remand

In the alternative, the plaintiff seeks a remand so that the ALJ can consider new evidence.  The plaintiff has now included in the record the results of x-rays taken of her lower spine on November 26, 2006.  According to the results of these x-rays, the plaintiff has moderate degenerative changes in the lower lumbar spine in the form of facet hypertrophic changes at the L5-S1 level, as well as degenerative changes and disc space narrowing throughout the remainder of the lumbar spine. *See* AR 309-318.

When a plaintiff presents the reviewing court with evidence that was not considered by the ALJ, the reviewing court may remand the case for further

_____

and remember simple instructions; sustain attention to complete simple repetitive tasks for two-hour segments where speed is not critical; tolerate coworkers and supervisors; and adapt to routine changes.  AR 268. The ALJ found that the plaintiff "has some limitations based on mental impairments, but retains the limited but satisfactory ability in the following areas: . . . maintain attention and concentration; remember and carry out detailed instructions . . . ."  AR 21. There is a slight difference in the ALJ's defining the mental skill as ability to carry out *detailed* instructions, rather than *simple* instructions.  However, her finding that the plaintiff has the "limited but satisfactory ability" to carry out detailed instructions is not inconsistent with Dr. Pack's and Dr. Scher's assessments that the plaintiff had a satisfactory ability to carry out simple instructions.

[7]The plaintiff also argues that the AJ erred in not following Social Security Ruling 96-6p, which requires that the ALJ consider the evidence of State agency consultants and other program physicians and psychologists as expert opinions and must explain the weight given to these opinions.  The plaintiff does not point to any specific examples, and the court finds that the ALJ appropriately considered the opinions of all state doctors.

proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g).  According to
Sentence Six, the court may remand a case to the Commissioner for further
proceedings if the plaintiff has new, material evidence and shows good cause for
failing to include it in the record before the ALJ.  *See Hollon v. Comm'r of Social
Sec.*, 447 F.3d 477, 483 (6th Cir. 1994).

        In order to show good cause for her failure to make the x-ray results available
to the ALJ, the plaintiff states simply that "[a]t the time of the hearing in this case,
Plaintiff had been unable to afford the objective testing needed to properly
determine the cause of her chronic back pain."  R.10, p. 12.  The court would
prefer a more detailed explanation but will assume, for the sake of argument, that
this explanation is sufficient.

        "[E]vidence is new only if it was not in existence or available to the claimant
at the time of the administrative proceeding."  *Hollon v. Comm'r of Social Sec.*,
447 F.3d 477, 484 -85 (6th Cir. 2006) (quoting *Faucher v. Sec'y of Health and
Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994)).  The x-rays at issue were taken
after the hearing and after the ALJ issued his opinion.  The results of these x-rays
appear to meet the definition of new evidence.

        However, although the evidence is "new," it is not "material."  "Material
evidence is evidence that would likely change the Commissioner's decision."  *Bass
v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) (citing *Sizemore v. Sec'y of
Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)).  The plaintiff

10

argues that this evidence is material because it provides objective medical evidence to support her claims of severe back pain.

The x-rays add some detail to the plaintiff's complaint of chronic back pain. However, it is not likely that results of these x-rays would cause the ALJ to change her RFC assessment.  In the physician's notes from the visit at which the x-rays were taken, the doctor indicated that the plaintiff's pain was "moderate" rather than "severe."  *See* AR 311.  While the physician also noted that nothing alleviates the plaintiff's pain, this finding was based on the plaintiff's own self-reporting to the physician.  *Id.*  While the x-rays might make the plaintiff's claims of pain slightly more credible, the ALJ stated that she did not find the plaintiff's complaints of pain credible because of her "history of conservative treatment and her refusal to undergo epidural injections at the request of her physician."  *See* AR 20.  The ALJ noted that the plaintiff had never sought physical therapy or used heat or ice to relieve pain, nor had she ever been referred for any kind of specialized treatment for her back pain.  AR 18, 19.  Thus, it is not likely that this evidence would affect the ALJ's consideration of the plaintiff's credibility.

The ALJ relied on several physicians' reports of plaintiff's physical abilities, and the plaintiff has provided no new assessment that contradicts these reports. Nor does the plaintiff provide any physician's report interpreting the x-rays, hindering the court's ability to evaluate their probative value as to the plaintiff's ability to work.  The plaintiff must show not just objective evidence of her

subjective complaint of pain; she must also show that the "intensity and persistence of [her] symptoms . . . limit [her] capacity for work."  20 C.F.R. § 416.929(c). The plaintiff has made no such showing.

## IV. Conclusion

In summary, substantial evidence supports the ALJ's conclusion that the plaintiff could perform other work and was not disabled under the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (R. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (R. 10) is **DENIED**.

Signed on  February 2, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY